No. 4083

Second Circuit

HAMMONDS v. McCLENDON

(December 9, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Refused.)

M. C. Redmond, of Monroe, attorney for plaintiff, appellant.

W. F. Pipes, of Monroe, attorney for defendant, appellee.

McGREGOR, J. This is a suit brought under the Workmen's Compensation Law (Act No. 20 of 1914 and subsequent amendments). Plaintiff was injured while he was working on defendant's waterworks in the town of Brownville, Ouachita parish, La., on December 31, 1929, by the falling of a piece of pump machinery on his left hand. The hand was crushed and the metacarpal bone, to which the little finger is attached, was fractured. In his petition the plaintiff alleges that this injury has resulted in the permanent total disability of his hand, and he therefore brings suit for 65 per cent of his wages for a period of one hundred fifty weeks.

At the time of the injury, plaintiff was receiving wages from the defendant at the rate of $15.40 per week. Defendant admitted that plaintiff was totally incapacitated for work for a period of two weeks, and legally tendered to him, before the filing of this suit, the sum of $20.02, the amount of compensation that would be due for that time. On trial in the lower court judgment was rendered in favor of the plaintiff for the said amount of $20.02, with costs. The plaintiff has appealed, and defendant has answered the appeal, and suggests that the judgment should be amended by taxing the plaintiff with the costs of the case, for the reason that the sum granted to the plaintiff by the

judgment had been tendered to him before the filing of this suit, and was refused.

There are two questions involved in this case; namely: First, the nature of the injury, and, second, the proportion of disability. The plaintiff was totally incapacitated for a period of two weeks. After that time, he secured different jobs of work at which he earned more wages than he was receiving at the time of the injury. The defendant contended that the plaintiff was thoroughly recovered at the end of two weeks, and tendered to him the sum of $20.02 as compensation for two weeks total disability. This tender was refused by the plaintiff on the ground, as he claimed, that, even though he was able to work, his hand was disabled on account of the injury. He therefore brought this suit for compensation, alleging the total permanent disability of his hand, which, if proved, would entitle him to compensation for a period of one hundred fifty weeks. The fact that plaintiff earned wages after his injury at a greater rate than he was earning at the time of the injury does, not debar him from receiving compensation if, in fact, he has lost an appreciable proportion of the use of his hand. The evidence is conclusive that the injury received by plaintiff was in the hand, and that there will be some permanent disability in the member. The testimony of the plaintiff as to the condition of his hand at the time of the trial was frank and straightforward. He estimated that he had lost at least one-half the use of his hand on the average. Dr. B. M. Moore, a witness for the plaintiff, testified that he made an X-ray picture of the plaintiff's hand on February 23, 1930, and that it showed an oblique fracture of the fifth metacarpal bone. He did not make such an examination that would enable him to say what the future condition would be. Dr. J. T. French, another witness for the plaintiff, was the one that suggested that Dr. Moore make the X-ray picture. He examined this picture and also examined the plaintiff's hand on the morning of the trial. It was his testimony that there was a deformity of the left little finger in the metacarpal bone, and that it was a permanent disability to the extent of 20 per cent. We take it that that had reference to the hand as a whole and not to the little finger as such, for the reason that the metacarpal bones are those that constitute the hand.

Dr. Ellis Powell, the physician that treated the plaintiff's hand when it was injured, testified for the defendant, and stated that, when he dismissed plaintiff as cured, he considered that there would be no permanent disability. It was his opinion, however, that, if there was any disability at the time of the trial, it was permanent.

So, in view of the fact that the plaintiff testified himself that there was at the time of the trial actual disability to some extent, and that this was corroborated by Dr. French, the only doctor that made an actual examination of the hand since shortly after the injury was received, we find that permanent disability has been proved. Plaintiff thinks that this disability amounts to one-half, but Dr. French, who we think is better qualified to judge of this matter, places it at 20 per cent, and we prefer to accept his estimate.

Defendant takes the position that the compensation should be based on the time actually lost by the plaintiff from work. This time was two weeks, and the defendant insists that 65 per cent of his wages for two weeks is all that is due, especially

since he has been able to earn regular wages since the two weeks. But this case is governed by section 8, subsection 1, subdivision d, paragraph 15, and not by section 8, subsection 1, subdivision (a) (Act No. 242 of 1928).

For the reasons assigned, the judgment appealed from is amended so as to allow the plaintiff the sum of one-fifth of 65 per cent of $15.40 per week for a period of one hundred fifty weeks, beginning December 31, 1929, with 5 per cent interest on each weekly installment from the date of its maturity, with all costs· of both courts; and, as amended, the judgment is affirmed.